UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY a/s/o BLANCA LEON, GARY & MAY NICHOL, and GARY NICHOL,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SECURITY INSURANCE CO. 260 INTERSTATE NORTH CIR SE, ATLANTA, GA, 30339, and JOHN DOES 1-5 and ABC COMPANIES 1-5,<br><br>Defendants. | Civil Action No. 2:20-cv-14018-SDW-LDW<br><br><br><br>Oral Argument Requested<br>If Motion Is Opposed |

**MEMORANDUM OF LAW IN SUPPORT OF AMERICAN SECURITY INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**

DENTONS US LLP
101 JFK Parkway, Fourth Floor
Short Hills, NJ 07078
(973) 912 7100

*Attorneys for Defendant*
*American Security Insurance Company*

Of Counsel and on the Brief:
   John R. Vales, Esq.

On the Brief:
   Erika M. Lopes-McLeman, Esq.
   Stephen M. Turner, Esq.

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ............................................................................................................3

    A.    The Fire ................................................................................................. 3

    B.    ASIC's Connection To The Property........................................................... 3

    C.    ASIC's Alleged Wrongdoing In Relation To The Fire................................ 4

    D.    The NFPA Guide .................................................................................. 5

    E.    Plaintiff's Alleged Damages ................................................................... 7

PROCEDURAL HISTORY............................................................................................................7

LEGAL ARGUMENT ...................................................................................................................8

    I.    STANDARD ON MOTION TO DISMISS ............................................................. 8

    II.    PLAINTIFF MAY NOT STATE A CLAIM AGAINST ASIC, WHICH DID NOT PROVIDE ANY LIABILITY INSURANCE COVERAGE ON THE PROPERTY AND WHICH DID NOT OWE ANY LEGAL DUTY TO PLAINTIFF. ........................................................................................... 8

        A.    The Amended Complaint Fails To Plausibly Allege How ASIC Acquired An Interest In The Property And How ASIC's Actions Purportedly Damaged Plaintiff. ................................................................. 9

        B.    Plaintiff's Amended Complaint Also Fails Because Plaintiff Cannot Demonstrate the Existence of a Legal Duty To Support its Claims ................................................................................................. 11

    III.    SEPARATELY, PLAINTIFF'S FRAUDULENT CONCEALMENT CLAIM FAILS TO MEET THE HEIGHTENED PLEADING STANDARD OF FED. R. CIV. P. 9(B) ................................................................. 13

CONCLUSION............................................................................................................................15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

In re Asbestos Prods. Liab. Litig.,
   822 F.3d 125 (3d Cir. 2016)..................................................................................3, 8

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)....................................................................................................8

In re Burlington Coat Factory Sec. Litig.,
   114 F.3d 1410 (3d Cir.1997)....................................................................................13

Durant v. Horton,
   No. CIV. A. 07-93 (JAG), 2008 WL 2510661 (D.N.J. June 19, 2008) .....................8

Feigenbaum v. Guaracini,
   402 N.J. Super. 7 (App. Div. 2008) ...........................................................................9

Fernandes v. DAR Dev. Corp.,
   222 N.J. 390 (2015) ...................................................................................................8

Ferry v. Black Diamond Video, Inc.,
   15-7723, 2016 WL 3381237 (D.N.J. June 14, 2016).................................................9

Fisher v. Igwe,
   No. 17-5983, 2018 U.S. Dist. LEXIS 41777 (D.N.J. Mar. 14, 2018)......................10

Huzinec v. Six Flags Great Adventure, LLC,
   CV162754FLWDEA, 2017 WL 44850 (D.N.J. Jan. 3, 2017).................................12

Morse v. Lower Merion Sch. Dist.,
   132 F.3d 902 (3d Cir.1997)........................................................................................8

Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,
   998 F.2d 1192 (3d. Cir. 1993).....................................................................................2

Peterpaul v. Reger,
   CIV.A.07-1312(JLL), 2007 WL 4570321 (D.N.J. Dec. 26, 2007)............................9

Phillips v. County of Allegheny,
   515 F.3d 224 (3d Cir. 2008).......................................................................................8

Rosenblit v. Zimmerman,
   166 N.J. 391 (2001) ...................................................................................................9

Schmidt v. Skolas,
   770 F.3d 241 (3d Cir. 2014).......................................................................................2

Tafaro v. Six Flags Great Adventure, LLC,
  CV175607FLWLHG, 2018 WL 1535289 (D.N.J. Mar. 29, 2018) ..........................................12

Walsh v. Corzine,
  2008 U.S. Dist. LEXIS 43091 (D.N.J. June 2, 2008) ..............................................................10

Weske v. Samsung Elecs., Am., Inc.,
  934 F. Supp. 2d 698 (D.N.J. 2013) .........................................................................................13

**Other Authorities**

Federal Rules of Civil Procedure
  Rule 9(b) ...................................................................................................................3, 13, 14
  Rule 12(b)(6).............................................................................................................1, 8, 11, 15

Defendant American Security Insurance Company ("ASIC") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Amended Complaint against ASIC with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

In this action, Plaintiff Philadelphia Contributionship Insurance Company ("Plaintiff") seeks to recover compensation from ASIC arising from its purported negligence and fraudulent concealment in relation to a fire that originated at 11 Ridgely Place, Weehawken, New Jersey 07086 (the "Property") on November 21, 2017.  (ECF 6, ¶¶ 4, 27.)  Specifically, Plaintiff alleges that it insured certain properties neighboring the Property that sustained damage due to a fire at the Property.  (ECF 6, ¶¶ 1, 5.)  Plaintiff alleges that ASIC, as an insurer of the Property, was one of the individuals and/or entities that had authority to provide access to the Property after the fire.  (Id. at ¶ 7.)  Plaintiff further alleges that ASIC denied its investigator access to the Property to conduct a fire origin and cause investigation.  (Id. at ¶ 19.)  Plaintiff alleges that ASIC's purported refusal to make the Property available for inspection violated Plaintiff's rights as an "Interested Party" under National Fire Protection Association ("NFPA") 921 Guide for Fire and Explosion Investigations (2017) (the "Guide").  (Id. at ¶¶ 8, 33-36.)  On account of these allegations, Plaintiff asserts claims for negligence and fraudulent concealment, and seeks to hold ASIC responsible for $1 million in damages associated with Plaintiff's payment of fire insurance claims at the neighboring properties.  (Id. at ¶¶ 38, 45, Wherefore).  These claims against ASIC, however, cannot survive as a matter of law.

First, Plaintiff's Amended Complaint improperly attempts to place ASIC in the shoes of the owner of the Property (who Plaintiff has not joined in this action).  In actuality, as shown by the Policy annexed with this Motion, ASIC's sole connection to the Property arises from its issuance of a lender placed policy of insurance that insured the Property dwelling, *without affording any liability insurance coverage*.  The Amended Complaint fails to allege how

1

extending such dwelling insurance coverage provided ASIC with an interest in the Property akin to that held by a property owner or lender.  Indeed, had ASIC granted Plaintiff access to the Property after the fire -- despite dubious authority to do so -- Plaintiff indisputably could recover nothing from ASIC, as ASIC did not issue any liability insurance coverage on the Property.  In this respect, Plaintiff is attempting to use this lawsuit to achieve an outcome it could never have achieved had ASIC provided it with full and complete access to the Property, that is, a financial recovery from ASIC.  For this reason alone, the Court should dismiss the Amended Complaint with prejudice.

Second, even if Plaintiff could successfully demonstrate that ASIC held an interest in the Property, the Amended Complaint fails as a matter of law because Plaintiff cannot establish that ASIC owed a legal duty to Plaintiff or Plaintiff's insureds.  To this end, the plain language of the Guide does not impose a legal duty on property owners to make their property available for inspection by neighboring property owners.  In fact, the Guide states that the decision to grant consent to enter a property "***is a voluntary act on the part of the responsible person and can be withdrawn at any time by that person***." (See Certification of John R. Vales (the "Vales Cert.") at Ex. 1)(emphasis added).[1]  Of course, the Guide itself does not create any legal duties as a matter of law, but its guidance on this issue eviscerates any basis for Plaintiff's claims.  Similarly, under established authority in this District, Plaintiff cannot establish as a matter of law that ASIC owed any legal duty *to Plaintiff* to disclose evidence in connection with pending litigation before the commencement of this lawsuit.

---

[1] Although the Court ordinarily "consider[s] only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when ruling on a motion to dismiss, the Court may also "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d. Cir. 1993). Consideration of documents "integral to or explicitly relied upon in the complaint" does not convert a motion to dismiss into one for summary judgment. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotations omitted).

Accordingly, Plaintiff cannot establish a fundamental requirement in respect to either of the claims alleged in the Amended Complaint: the existence of a legal duty owed by ASIC to the neighboring property owners or their insurer. Consequently, the Court should dismiss the Amended Complaint with prejudice as a matter of law.

Lastly, as more fully set forth below, even if Plaintiff could establish the existence of a legal duty, the fraudulent concealment claim as pled fails to allege all required elements and fails to meet the heightened pleading standards for fraud claims under Rule 9(b). Thus, Plaintiff's fraudulent concealment claim alleged in the Amended Complaint fails on multiple grounds.

## STATEMENT OF FACTS

As this application involves a motion to dismiss, the Court must accept the facts as set forth in the Amended Complaint as established for the purpose of this Motion. In re Asbestos Prods. Liab. Litig., 822 F.3d 125, 131 (3d Cir. 2016). However, even assuming the truth of all the facts asserted in the Amended Complaint, Plaintiff's claims against ASIC fail as a matter of law.

### A. The Fire

The Amended Complaint alleges that a fire originated at the Property on November 21, 2017. (ECF 6, ¶ 4). The Amended Complaint alleges that the fire spread from the Property causing damage to neighboring properties insured by Plaintiff. (Id. at ¶¶ 1, 5.) Specifically, Plaintiff alleges that the fire caused damage to 9 Ridgely Place, Weehawken, New Jersey 07086, owned by Blanca Leon; 7 Ridgely Place, Weehawken, New Jersey 07086, owned by Gary and May Nichol; and 5 Ridgely Place Front, Weehawken, New Jersey 07086, owned by Gary Nichol. (Id. at ¶ 5.)

### B. ASIC's Connection To The Property

Plaintiff alleges that ASIC insured the Property and that ASIC was one of the individuals and/or entities that had authority to provide access to the Property after the fire. (Id. at ¶¶ 6-7.)

3

ASIC's sole connection to the Property, however, arises through its issuance of a lender-placed residential property insurance policy. This insurance policy, bearing Policy No. MLR15467025043 (the "Policy"), insures the Property. See Vales Cert. at Ex. 2. As set forth in the Policy Declarations, the Policy identifies a Named Insured, Wells Fargo Bank, N.A., and a borrower, Jennifer Owensby. (Id.) The Policy does not insure any interest of ASIC in the Property, as ASIC itself is the issuer of the Policy.

The Policy also states in bold, "*This Certificate only covers buildings and structures*." (Id.)(emphasis in original.) The letter sent by Wells Fargo Bank, N.A. to Ms. Owensby with the Policy further provides:

> We have purchased this policy/certificate on your behalf because we did not receive proof of acceptable insurance from you. *Your structure/improvements* are now insured by American Security Insurance Company. This policy/certificate covers your structure/improvements for direct loss or damage subject to the terms of the policy/certificate. It does not provide any coverage for personal property, *nor does it protect you from liability against accidents that occur on your property.*

(Id.)(emphasis added.) As seen above, through the Policy, ASIC insured the structure/improvements on the Property; ASIC did not provide any liability insurance coverage against accidents that may occur on the Property. Thus, ASIC did not insure against any claims made by neighboring property owners -- or their insurer -- that a fire originating on the Property caused damage to neighboring properties.

     **C.**    **ASIC's Alleged Wrongdoing In Relation To The Fire**

Plaintiff asserts that it is an "Interested Party" under the Guide referenced in its Complaint. (ECF 6, ¶ 8.) Plaintiff alleges that it retained J.F. Goetz and Associates to conduct a fire origin and cause investigation. (Id. at ¶ 9.) Plaintiff alleges that, on or about November 24, 2017, Mr. Goetz sought access to the Property. (Id. at ¶¶ 11-13.) Plaintiff alleges that, on or about November 30, 2017, Mr. Goetz contacted ASIC to request consensual authority, pursuant to Guide sections 12.3.1 and 12.3.3.1, to investigate the Property and that a claims adjuster at

4

ASIC informed Mr. Goetz that he would contact him later to arrange access to the building. (Id. at ¶¶ 14-15.) Plaintiff further alleges that, on or about December 6, 2017, Gerry Piotrowicz, an origin and cause investigator for J.F. Goetz and Associates, contacted the same ASIC claims adjuster regarding access to the Property. (Id. at ¶ 16.) Plaintiff alleges that the ASIC claims adjuster informed Mr. Piotrowicz at this time that ASIC issued a lender-placed policy on the Property with no liability coverage and that ASIC was not retaining an origin and cause investigator to investigate the cause of the fire. (Id. at ¶¶ 17-18.) Plaintiff then alleges that the ASIC claims adjuster denied J.F. Goetz and Associates consensual authority to access the Property[2]. (Id. at ¶ 19.) Plaintiff states that ASIC's denial of access to its investigator prevented Plaintiff from determining the cause of the fire and pursuing a subrogation action against responsible individual(s). (Id. at ¶ 20.) The Amended Complaint does not detail what steps, if any, that Plaintiff undertook to attempt to obtain access to the Property other than allegedly contacting ASIC.

### D. The NFPA Guide

The Amended Complaint references the NFPA Guide as the basis for ASIC's alleged liability here. The Guide - i.e. National Fire Protection Association Guide for Fire and Explosion Investigations (2017) - defines an "Interested Party" under 3.3.118 as "Any person, entity, or organization including their representatives, with statutory obligations or whose legal rights or interest may be affected by the investigation of a specific incident." (Id. at ¶ 8.)

The Guide provides the following disclaimer:

---

[2] These additional facts alleged in paragraphs 11-19 of the Amended Complaint are the only substantive factual changes between Plaintiff's Original Complaint and this Amended Complaint. For the reasons explained below, these additional facts do not, in any way, affect the legal analysis of Plaintiff's claims.

>NFPA codes, standards, recommended practices, and guides ("NFPA Standards"), of which the document contained herein is one, are developed through a consensus standards development process approved by the American National Standards Institute … While the NFPA administers the process and establishes rules to promote fairness in the development of consensus, it does not independently test, evaluate, or verify the accuracy of any information or the soundness of any judgments contained in NFPA Standards … Anyone using this document should rely on his or her own independent judgment or, as appropriate, seek the advice of a competent professional in determining the exercise of reasonable care in any given circumstances. *The NFPA has no power, nor does it undertake, to police or enforce compliance with the contents of NFPA Standards.*

(Vales Cert., Ex. 1)(emphasis added).

Plaintiff references Guide Sections 12.3.1 and 12.3.3.1. (ECF 6, ¶ 11.) Guide Section 12.3.1 (Authority to Conduct the Investigation) provides:

>The investigator should ascertain the basis and extent of his or her authority to conduct the investigation. The authority to investigate is given to police officers, fire fighters, and fire marshals according to the law of the jurisdiction. *Private fire investigators receive their authority by contract or consent.* Examples of contract consent are insurance contracts that obligate the insured to cooperate in the investigation. Also, a person having an interest in the property may retain (contract with) their own fire investigator. Consensual authority would include an investigator for another interested party being invited onto the premises to participate or observe the scene investigation. Proper identification of the basis of authority will assist the investigator in complying with applicable legal requirements and limitations. The scope of authority granted to investigators from the public or governmental sector is usually specified within the codified laws of each jurisdiction, as supplemented by applicable local, agency, and department rules and regulations. Many states and local jurisdictions (i.e., cities, towns, or counties) have licensing or certification requirements for investigators. If such requirements are not followed, the results of the investigation may not be admissible and the investigator may face sanctions.

(Vales Cert., Ex. 1)(emphasis added).

The Guide adds, under Section 12.3.3.1 (Consent), that the "person in lawful control of the property *can* grant the investigator permission or consent to enter and remain on the property. *This is a voluntary act on the part of the responsible person and can be withdrawn at any time by that person.*" (Id.)(emphasis added.) The Guide separately provides, under Section 12.3.2

6

(Right of Entry), "The fact that an investigator has authority to conduct an investigation does not necessarily mean that the investigator has the legal right to enter the property that was involved in the fire. Rights of entry are frequently enumerated by statutes, rules, and regulations. Illegal entry to the property could result in charges against the investigator." (Id.)

### E. Plaintiff's Alleged Damages

Plaintiff states that it paid $502,661.35 for property damage caused by the fire to its insured, Blanca Leon. (Id. at ¶ 22.) Plaintiff further states that it paid $498,058.53 for property damage caused by the fire to its insureds, Gary and May Nichol. (Id. at ¶ 24.) Plaintiff also states that it paid $14,705.00 for property damage caused by the fire to its insured, Gary Nichol. (Id. at ¶ 26.) Plaintiff asserts that as a result of the payments made to its insureds, Plaintiff is subrogated to the rights of its insureds. (Id. at ¶ 27.) Plaintiff now seeks to recover money damages from ASIC for its purported negligence and fraudulent concealment of evidence stemming from its alleged denial of entry to Plaintiff's fire origin and cause investigator. (Id.) Plaintiff seeks to recover the full amount of its payments to its insureds, totaling in excess of $1 million. (Id. at Wherefore Clauses.)

## PROCEDURAL HISTORY

Plaintiff commenced the action by filing a Complaint in state court on September 1, 2020. (ECF 1-1). Plaintiff served ASIC with the Complaint on September 9, 2020. (ECF 1-2). Thereafter, ASIC removed Plaintiff's Complaint from state court to this Court on October 7, 2020. (ECF 1). On October 28, 2020, ASIC moved to dismiss Plaintiff's Complaint. (ECF 5). Rather than oppose ASIC's motion to dismiss, Plaintiff filed an Amended Complaint on November 23, 2020. (ECF 6). Because Plaintiff's Amended Complaint was technically untimely, the Court entered an Order on November 30, 2020 directing that such Amended Complaint be treated as timely and ordering that ASIC have until December 14, 2020 to file a responsive pleading. (ECF 8).

# LEGAL ARGUMENT

## I. STANDARD ON MOTION TO DISMISS

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations contained in the Amended Complaint and draw all reasonable inferences in Plaintiff's favor.  In re Asbestos Prods. Liab. Litig., 822 F.3d at 131.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, which if accepted as true, "state[s] a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted).  The "plausibility standard," however, requires "more than a sheer possibility that a defendant has acted unlawfully."  Id.  Rather, a plaintiff must allege facts sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a claim for relief.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (internal quotations omitted).

"However, if facts that are alleged to be true in a complaint are contradicted by facts that can be judicially noticed, the contradicted facts in the complaint are not to be deemed as true upon consideration of the motion to dismiss."  Durant v. Horton, No. CIV. A. 07-93 (JAG), 2008 WL 2510661, at *2–3 (D.N.J. June 19, 2008) (quoting Smith v. Litton Loan Servicing, LP, No. 04–2846, 2005 WL 289927 (E.D. Pa. Feb. 4, 2005)).  Additionally, "[w]hile a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations."  Id. (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n. 8 (3d Cir.1997)).

## II. PLAINTIFF MAY NOT STATE A CLAIM AGAINST ASIC, WHICH DID NOT PROVIDE ANY LIABILITY INSURANCE COVERAGE ON THE PROPERTY AND WHICH DID NOT OWE ANY LEGAL DUTY TO PLAINTIFF.

To state a claim for either negligence or fraudulent concealment, a plaintiff must first establish the existence of a duty owed to that plaintiff.  See Fernandes v. DAR Dev. Corp., 222

N.J. 390, 403–04 (2015)(noting that to state a claim for negligence a plaintiff must establish that the defendant owed a duty to the plaintiff); Ferry v. Black Diamond Video, Inc., 15-7723 (RBK/AMD), 2016 WL 3381237, at *7 (D.N.J. June 14, 2016)("The existence of a duty is indeed one of the fundamental components of the cause of action; there can be no fraudulent concealment if there is no duty."); and Peterpaul v. Reger, CIV.A.07-1312(JLL), 2007 WL 4570321, at *4 n.16 (D.N.J. Dec. 26, 2007)("Plaintiffs' fraudulent concealment claim fails for a variety of reasons. First, there can be no fraudulent concealment absent a duty to disclose.")[3].  In the context of subrogation, a subrogee must establish that the defendant owed a duty to the subrogor.  Feigenbaum v. Guaracini, 402 N.J. Super. 7, 20 (App. Div. 2008)("As the right of subrogation turns on the obligation or duty that the third party itself owes the subrogor, subrogation is wholly dependent on the merits of the subrogor's claim against the third party.").

Accordingly, demonstrating that ASIC owed a duty to the neighboring property owners or their insurer is the first element of both of these causes of action.  Here, however, Plaintiff cannot establish the existence of any such duty.  Consequently, both of Plaintiff's claims fail as a matter of law.

### A. The Amended Complaint Fails To Plausibly Allege How ASIC Acquired An Interest In The Property And How ASIC's Actions Purportedly Damaged Plaintiff.

In a transparent effort to find a deep pocket, Plaintiff's Amended Complaint incorrectly attempts to place ASIC in the shoes of the owner of the Property (who Plaintiff failed to name in

---

[3] Plaintiff's fraudulent concealment claim appears to be based on the standard espoused in Rosenblit v. Zimmerman, 166 N.J. 391, 406–07 (2001).  There, the Court provided that to succeed on a claim of fraudulent concealment of evidence, a Plaintiff must prove that:  (1) *the defendant in the fraudulent concealment action had a legal obligation to disclose evidence in connection with an existing or pending litigation*; (2) the evidence was material to the litigation; (3) the plaintiff could not reasonably have obtained access to the evidence from another source; (4) the defendant intentionally withheld, altered or destroyed the evidence with purpose to disrupt the litigation; (5) the plaintiff was damaged in the underlying action by having to rely on an evidential record that did not contain the evidence defendant concealed.  Id. (emphasis added.)

9

the Amended Complaint) by alleging the legal conclusion that ASIC was one of the individuals and/or entities that had authority to provide access to the Property. In actuality, as shown by the Policy annexed with this Motion, ASIC's sole connection to the Property arises from its issuance of a lender placed policy of insurance that insured the Property dwelling, *without affording any liability insurance coverage*. (Vales Cert., Ex. 2.)

The Amended Complaint fails to allege how extending such property insurance coverage provided ASIC with an interest in the Property akin to that held by a property owner or lender. Indeed, the Amended Complaint does not allege that ASIC held an ownership or security interest in the Property, nor does the Amended Complaint identify any factual basis for the legal conclusion that ASIC acquired an interest conferring authority on it to provide access to the Property. In fact, the Policy does not even insure the property owner, Ms. Owensby, or the lender, Wells Fargo, against liability claims by others, such as claims by neighboring property owners or their insurer.

Moreover, had ASIC provided Plaintiff with full and complete access to the Property -- despite dubious authority to do so -- Plaintiff indisputably could recover nothing from ASIC. Through the Policy, ASIC simply insured the structures/improvements on the Property for the protection of the interests of Wells Fargo and Ms. Owensby in such structures/improvements. Accordingly, Plaintiff is improperly seeking to use this lawsuit as a vehicle to achieve an outcome that Plaintiff never could have obtained had ASIC granted Plaintiff full and complete access to the Property, that is, a financial recovery from ASIC. On this basis alone, the Court must dismiss the Amended Complaint, as Plaintiff cannot demonstrate how ASIC's purported denial of access to the Property caused Plaintiff any damages. *See, e.g.,* Fisher v. Igwe, No. 17-5983 (RBK/AMD), 2018 U.S. Dist. LEXIS 41777, at *10 (D.N.J. Mar. 14, 2018) (dismissing claim for legal negligence on grounds that the complaint failed to plead facts tending to show causation); Walsh v. Corzine, 2008 U.S. Dist. LEXIS 43091, at *4-5 (D.N.J. June 2, 2008) ("To

survive a Rule 12(b)(6) motion to dismiss, the pleadings must set forth factual allegations sufficient to raise the probability of a right to relief above pure speculation.").

> B. **Plaintiff's Amended Complaint Also Fails Because Plaintiff Cannot Demonstrate the Existence of a Legal Duty To Support its Claims**

Relying upon the Guide, the Amended Complaint alleges that ASIC had a duty to allow all "Interested Parties" -- as that term is defined in the NFPA Guide -- to investigate the origin and cause of the fire. (ECF 6 at ¶ 33.) ASIC purportedly breached this duty by denying Plaintiff's investigator access to the Property[4]. (Id. at ¶ 34.)

The Guide, however, creates no such duty owed by ASIC -- or the property owner -- to Plaintiff. Indeed, the Guide provisions cited by Plaintiff make clear that granting access to property is a voluntary act. Plaintiff cites to Section 12.3.1, which provides, in pertinent part, "The investigator should ascertain the basis and extent of his or her authority to conduct the investigation. The authority to investigate is given to police officers, fire fighters, and fire marshals according to the law of the jurisdiction. *Private fire investigators receive their authority by contract or consent.*" (Vales Cert., Ex. 1 at Section 12.3.1)(emphasis added). Plaintiff does not allege any contractual right to inspect the Property and indeed none exists.

Therefore, Plaintiff's right to inspect the Property could only have been obtained through consent. In this regard, the Guide states, in the other provision cited by Plaintiff: the "person in

---

[4]As noted above, the only distinction between Plaintiff's original complaint and this Amended Complaint is that Plaintiff adds additional information about the form of this purported denial of access to the Property. Specifically, Plaintiff alleges that: (i) on or about November 24, 2017, Mr. Goetz sought access to the Property (Id. at ¶¶ 11-13); (ii) on or about November 30, 2017, Mr. Goetz contacted ASIC to request consensual authority, pursuant to Guide sections 12.3.1 and 12.3.3.1, to investigate the Property and that a claims adjuster at ASIC informed Mr. Goetz that he would contact him later to arrange access to the building (Id. at ¶¶ 14-15); (iii) on or about December 6, 2017, Gerry Piotrowicz, an origin and cause investigator for J.F. Goetz and Associates, contacted the same ASIC claims adjuster regarding access to the Property (Id. at ¶ 16); (iv) the ASIC claims adjuster informed Mr. Piotrowicz at this time that ASIC issued a lender-placed policy on the Property with no liability coverage and that ASIC was not retaining an origin and cause investigator to investigate the cause of the fire (Id. at ¶¶ 17-18); and (v) the ASIC claims adjuster then denied J.F. Goetz and Associates consensual authority to access the Property. (Id. at ¶ 19). Even if true, none of these new allegations change the above analysis.

11

lawful control of the property *can* grant the investigator permission or consent to enter and remain on the property. *This is a voluntary act on the part of the responsible person and can be withdrawn at any time by that person.*" (Id. at Section 12.3.3.1)(emphasis added.) Perhaps most telling is that the Guide actually cautions that an investigator entering a property without permission (which, as noted above, is granted on a voluntary basis) could face penalties. "The fact that an investigator has authority to conduct an investigation does not necessarily mean that the investigator has the legal right to enter the property that was involved in the fire. Rights of entry are frequently enumerated by statutes, rules, and regulations. Illegal entry to the property could result in charges against the investigator." (Id. at Section 12.3.2.)

Thus, while the Guide itself does not establish legal standards upon which Plaintiff may rely for the assertion of claims in this litigation[5], the Guide dispels the entire theory upon which Plaintiff has predicated its claims. Indeed, as the Guide demonstrates, the decision of whether or not to permit neighboring property owners -- or their insurance company -- to investigate one's own property is a purely "voluntary act".

Further, to the extent that Plaintiff asserts that ASIC had a "legal obligation to disclose evidence in connection with pending litigation," no such legal obligation or duty existed at the time of the fire. (ECF 6, ¶ 40.) In analogous situations, this Court has dismissed claims similar to Plaintiff's fraudulent concealment claim. See, e.g., Huzinec v. Six Flags Great Adventure, LLC, CV162754FLWDEA, 2017 WL 44850, at *7 (D.N.J. Jan. 3, 2017)("To the extent Plaintiff alleges that Defendants have not turned over the evidence that Plaintiff sought prior to the filing of the Complaint, Plaintiff has failed to allege any legal obligation on the part of Defendants to fulfill Plaintiff's requests for evidence outside of the discovery process."); and Tafaro v. Six Flags Great Adventure, LLC, CV175607FLWLHG, 2018 WL 1535289, at *7 (D.N.J. Mar. 29, 2018)("To the extent that Plaintiff seeks to allege that Defendant Six Flags has failed to provide

---

[5]Id. at Guide, Disclaimer.

12

to Plaintiff any evidence of the investigation, or lack thereof into the incident involving G.T. on El Toro, such allegations are premature before the exchange of discovery."). Here, as in each of these referenced cases, Plaintiff does not explain what legal obligation ASIC had to Plaintiff to disclose evidence to Plaintiff outside of the discovery process in this litigation, which has not yet begun.

Consequently, for all the above reasons, Plaintiff's claims fail as a matter of law and the Court should dismiss the Amended Complaint with prejudice.

### III. SEPARATELY, PLAINTIFF'S FRAUDULENT CONCEALMENT CLAIM FAILS TO MEET THE HEIGHTENED PLEADING STANDARD OF FED. R. CIV. P. 9(B)

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) essentially requires Plaintiffs to allege the who, what, when, where, and how elements to state a claim arising in fraud." Weske v. Samsung Elecs., Am., Inc., 934 F. Supp. 2d 698, 703 (D.N.J. 2013). See also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1423 (3d Cir.1997). "Where plaintiffs can demonstrate that specific information is in the exclusive control of the defendant, the Court relaxes the showing required under Rule 9(b) … But Plaintiffs 'must still allege facts suggesting fraudulent concealment.'" Weske, 934 F. Supp. 2d at 703 (internal citations omitted).

Plaintiff's Amended Complaint is wholly devoid of the "who, what, when, where, and how" necessary to sufficiently plead a claim arising in fraud. Plaintiff extrapolates from purported communications with Terry Shaffer of ASIC, on or about November 30, 2017 and December 6, 2017, that, among other things: (1) ASIC had a legal obligation to disclose evidence in connection with pending litigation - litigation that had not and would not be filed by Plaintiff until nearly 3 years later; (2) when ASIC denied Plaintiff's origin and cause investigator

13

access to the Property Plaintiff could not reasonably have obtained access to the evidence from another source; and (3) ASIC intentionally withheld, altered, and/or destroyed the evidence with the purpose to disrupt Plaintiff's subrogation interests. (ECF 6 at ¶¶ 40-44.)

Putting aside the absence of any legal obligation, which is discussed *supra*, Plaintiff fails to explain why Plaintiff could not reasonably have obtained access to the evidence it sought from another source. Plaintiff does not explain, for example, why it did not or could not reach out to the owner of the Property, Ms. Owensby, or the lender on the Property, Wells Fargo Bank, N.A., to request entry to the Property to perform its investigation. Plaintiff likewise does not explain whether it sought a court order to grant it access to the Property to conduct an inspection.

Of equal importance, Plaintiff does not explain apart from conclusory statements how ASIC is alleged to have withheld, altered and/or destroyed the evidence Plaintiff seeks and how it did so with a purpose to disrupt Plaintiff's subrogation rights. Indeed, it is impossible to see what possible motive ASIC would have had to take such action given the absence of any liability insurance coverage on the Property. All that Plaintiff has alleged is that its investigator purportedly communicated in some fashion - it is not even alleged whether this communication happened by phone, e-mail, text, etc. - with Terry Shaffer of ASIC. (ECF 6, ¶¶ 14-19.)

Thus, independent of the Amended Complaint's failure to state a claim upon which relief can be granted, Plaintiff has failed to plead with sufficient particularity, under Fed. R. Civ. P. 9(b), its claim for fraudulent concealment.

## CONCLUSION

For all the foregoing reasons, ASIC respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's Amended Complaint with prejudice.

                                          Respectfully submitted,

                                          **DENTONS US LLP**

                                          By: /s/ John R. Vales, Esq.
                                                  John R. Vales, Esq.
                                                  john.vales@dentons.com

                                                  *Attorneys for Defendant American Security Insurance Company*

Dated: Short Hills, New Jersey
           December 14, 2020