UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY a/s/o BLANCA LEON, GARY & MAY NICHOL, and GARY NICHOL,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SECURITY INSURANCE CO. 260 INTERSTATE NORTH CIR SE, ATLANTA, GA, 30339, and JOHN DOES 1-5 and ABC COMPANIES 1-5,<br><br>Defendants. | Civil Action No. 2:20-cv-14018-SDW-LDW<br><br><br><br>Oral Argument Requested<br>If Motion Is Opposed |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF AMERICAN SECURITY INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**

DENTONS US LLP
101 JFK Parkway, Fourth Floor
Short Hills, NJ 07078
(973) 912 7100

*Attorneys for Defendant*
*American Security Insurance Company*

Of Counsel and on the Brief:
    John R. Vales, Esq.

On the Brief:
    Erika M. Lopes-McLeman, Esq.
    Stephen M. Turner, Esq.

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL ARGUMENT...................................................................................................................3

    I.      PLAINTIFF CANNOT ESTABLISH THAT ASIC OWED IT A LEGAL DUTY ...................................................................................................………..3

          A.      Plaintiff Cannot Plausibly Assert Spoliation of Evidence As Grounds to Create A Duty Owed by ASIC................................................. 3

          B.      Plaintiff Cannot Plausibly Allege That ASIC Assumed A Duty to Plaintiff .................................................................................................... 6

    II.     PLAINTIFF'S FRAUDULENT CONCEALMENT CLAIM ALSO FAILS IN THE ABSENCE OF ANY PLAUSIBLE ALLEGATION THAT PLAINTIFF COULD NOT HAVE OBTAINED THE INFORMATION SOUGHT FROM ANOTHER SOURCE ..................................................……...8

CONCLUSION.............................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Ciapinski v. Crown Equip. Corp.,
  A-4505-07T2, 2010 WL 183903 (N.J. Super. Ct. App. Div. Jan. 21, 2010) ............................ 4

Cockerline v. Menendez,
  411 N.J. Super. 596 (App. Div. 2010) ................................................................................... 3

Egan v. Alco-Lite Indus.,
  CIV. 09-4878 WHW, 2011 WL 1205663 (D.N.J. Mar. 29, 2011) ......................................... 4

Gilleski v. Cmty. Med. Ctr.,
  336 N.J. Super. 646 (App. Div. 2001) ........................................................................... 1, 3, 4

Huzinec v. Six Flags Great Adventure, LLC,
  CV162754FLWDEA, 2017 WL 44850 (D.N.J. Jan. 3, 2017) ............................................... 9

Manorcare Health Servs., Inc. v. Osmose Wood Preserving, Inc.,
  336 N.J. Super. 218 (App. Div. 2001) ................................................................................... 3

Mukasa v. Ise Farms, Inc.,
  A-1398-05T5, 2007 WL 268252 (App. Div. Feb. 1, 2007) .................................................... 4

Swick v. The New York Times Co.,
  357 N.J. Super. 371 (App. Div. 2003) ................................................................................... 5

Tafaro v. Six Flags Great Adventure, LLC,
  CV175607FLWLHG, 2018 WL 1535289 (D.N.J. Mar. 29, 2018) ........................................ 9

Walker Rogge, Inc. v. Chelsea Title & Guaranty Co.,
  116 N.J. 517 (1989) ............................................................................................................ 6, 7

Wilhelm Reuss GmbH & Co KG, Lebensmittel Werk v. E. Coast Warehouse &
  Distribution Corp.,
  CV164370ESMAH, 2017 WL 6055775 (D.N.J. Dec. 6, 2017) ............................................. 4

**Rules and Regulations**

Federal Rules of Civil Procedure
  Rule 12(b)(6) .................................................................................................................... 1, 10

New Jersey Rule 4:11-1(a) ......................................................................................................... 8, 9

Defendant American Security Insurance Company ("ASIC") respectfully submits this Reply Memorandum of Law in further support of its Motion to Dismiss Plaintiff's Amended Complaint against ASIC with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Philadelphia Contributionship Insurance Company's ("Plaintiff") opposition to ASIC's motion to dismiss misses the mark by a wide margin. It is now wholly apparent that Plaintiff's entire action is a baseless attempt to shift the risks it insured onto another insurer -- one that did not even have liability coverage on the Property[1] where the incident occurred.

First, in Plaintiff's ever-shifting theory of the case, Plaintiff now asserts that ASIC owed Plaintiff a duty based on two legal theories, neither of which are plead in its Amended Complaint: (1) spoliation of evidence and (2) assumption of duty. As to spoliation, for the reasons more fully explained in this memorandum of law, ASIC cannot be considered a spoliator for the simple fact that it had no duty to preserve evidence. Plaintiff has not and cannot allege that ASIC: (1) had knowledge of a pending or potential lawsuit and accepted responsibility for evidence that would be used in that lawsuit; (2) voluntarily undertook to preserve the evidence and Plaintiff reasonably and detrimentally relied thereon; (3) entered into an agreement with Plaintiff to preserve evidence; or (4) received a specific request from Plaintiff to preserve a particular item of evidence. See, Gilleski v. Cmty. Med. Ctr., 336 N.J. Super. 646, 654-55 (App. Div. 2001)(articulating standard for spoliation claims against third parties unrelated to the underlying litigation).

Plaintiff's "assumption of duty" argument is similarly devoid of merit. Plaintiff alleges that ASIC assumed a duty by "engaging" with PCIC's investigators on the topic of accessing the Property. If merely "engaging" with someone on a topic is sufficient to establish a legally

---

[1] All terms not otherwise defined herein have the meaning set forth in ASIC's Moving Brief.

1

binding duty to act, then every conversation that a person has is fraught with potentially damaging legal consequences. Plaintiff is plainly incorrect about the law on this issue and, likely for that reason, fails to cite a single, on-point case for its position. Further, the Amended Complaint does not even allege that ASIC affirmatively stated that it would or could provide access to the Property. The Amended Complaint pleads only that "Mr. Shaffer would contact Mr. Goetz *to arrange for access* to the building." (ECF 6 at ¶ 15)(emphasis added). That is all Plaintiff alleges. There was no promise to provide access to the Property. There was no assumption of an obligation to Plaintiff.

As to Plaintiff's fraudulent concealment claim, Plaintiff has made no effort to refute the plainly relevant law cited by ASIC in its Moving Papers that mandate the claim's dismissal because, outside of the impending discovery process in this litigation, ASIC was under no legal compulsion to provide the evidence that Plaintiff now seeks. See, Moving Brief at 12-13. Plaintiff also, for the reasons expressed more fully below, does not credibly explain why it did not either seek a Court Order back in 2017 directing the inspection of the Property or pursue the owner of the Property for access to the Property. Plaintiff, in fact, now concedes that its investigators were aware in late 2017 of the name and telephone number of the owner of the Property, but that calls to coordinate access to the Property with the owner went unreturned. (Opp. Br. at 15, FN 3.) This only further demonstrates that Plaintiff was aware that it could have reasonably obtained access to the evidence from other sources.

At bottom, we respectfully submit that the Court cannot reach any other conclusion in this case but that Plaintiff seeks to use this action to inappropriately shift the risks it insured onto ASIC. Thus, for the reasons expressed herein and those more fully expressed in ASIC's Moving Brief, the Court should dismiss this action with prejudice.

## LEGAL ARGUMENT

**I.  PLAINTIFF CANNOT ESTABLISH THAT ASIC OWED IT A LEGAL DUTY**

Plaintiff acknowledges, as it must, that an essential element of both its negligence and fraudulent concealment claims is the existence of a duty owed by ASIC to Plaintiff.  (Opp. Br. at 9, 14-15.)  Plaintiff asserts that ASIC owed it a duty based on two newly asserted legal theories that are not plead in the Amended Complaint:  (1) spoliation of evidence; and (2) assumption of duty.  Neither of these legal theories, however, establish a duty owed by ASIC to Plaintiff.  As such, the Court should dismiss Plaintiff's claims as a matter of law.

**A.  Plaintiff Cannot Plausibly Assert Spoliation of Evidence As Grounds to Create A Duty Owed by ASIC**

The existence of a duty to preserve evidence is a question of law to be determined by the Court. Cockerline v. Menendez, 411 N.J. Super. 596, 620 (App. Div. 2010), citing, Manorcare Health Servs., Inc. v. Osmose Wood Preserving, Inc., 336 N.J. Super. 218, 226 (App. Div. 2001). Such a duty traditionally arises when there is pending or likely litigation between two parties, knowledge of this fact by the alleged spoliating party, evidence relevant to the litigation, and the foreseeability that the opposing party would be prejudiced by the destruction or disposal of this evidence.  Id.

Courts are wary of imposing a duty to preserve evidence owed by third parties (such as ASIC) with no relationship to the potential underlying litigation because doing so could result in "unwarranted intrusion[s] on the property rights of a person who lawfully disposes of his [or her] own property."  Gilleski v. Cmty. Med. Ctr., 336 N.J. Super. 646, 654 (App. Div. 2001). Notably, in such circumstances, our courts have limited the imposition of a duty to preserve evidence to situations in which the third party: (1) has knowledge of a pending or potential lawsuit ***and accepts responsibility for evidence that would be used in that lawsuit***; (2) voluntarily undertakes to preserve the evidence and a plaintiff reasonably and detrimentally

3

relying thereon; (3) enters an agreement to preserve between the spoliator and the plaintiff; or (4) receives a specific request to preserve a particular item. Id. at 654-55 (emphasis added). A third party's constructive notice of a pending or potential action is not sufficient to force upon the third party the duty to preserve evidence. Id. at 655.

Here, none of the above circumstances apply. First, Plaintiff has not alleged that ASIC had knowledge of a pending or potential lawsuit **and** affirmatively accepted responsibility for property that would be used in that lawsuit. All the Amended Complaint alleges is that "Mr. Shaffer [an ASIC claims representative] would contact Mr. Goetz [an origin and cause investigator] to arrange for access to the building." (ECF 6, ¶ 15.) Second, the Amended Complaint does not allege that ASIC voluntarily undertook to preserve evidence and that that Plaintiff reasonably and detrimentally relied thereon. Third, the Amended Complaint does not allege that ASIC entered into an agreement with Plaintiff to preserve evidence. Fourth, the Amended Complaint does not allege that Plaintiff made a specific request to ASIC to preserve a particular item of evidence. Rather, the Amended Complaint simply alleges that an origin and cause investigator hired by Plaintiff, not Plaintiff itself, requested access to the Property -- Property that did not even belong to ASIC.[2] By law, a request for access, absent a specific request to preserve a particular item of evidence, is insufficient to impose a duty to preserve evidence. See, e.g., Mukasa v. Ise Farms, Inc., A-1398-05T5, 2007 WL 268252, at *3 (App.

---

[2] To the extent that Plaintiff may argue that the placard allegedly placed on the Property's door put ASIC on notice that the Property was evidence that ASIC needed to preserve, Plaintiff neither alleges that ASIC received or had knowledge of the placard, nor that Plaintiff's investigator affirmatively expressed a request for ASIC to preserve a particular item as evidence. At most, the placard could be considered constructive notice of a request in connection with a potential action, which is insufficient to establish a duty. Gilleski, 336 N.J. Super. at 655. See also, Egan v. Alco-Lite Indus., CIV. 09-4878 WHW, 2011 WL 1205663, at *3 (D.N.J. Mar. 29, 2011); Ciapinski v. Crown Equip. Corp., A-4505-07T2, 2010 WL 183903, at *13 (N.J. Super. Ct. App. Div. Jan. 21, 2010); and Wilhelm Reuss GmbH & Co KG, Lebensmittel Werk v. E. Coast Warehouse & Distribution Corp., CV164370ESMAH, 2017 WL 6055775, at *4 (D.N.J. Dec. 6, 2017) (all noting that a third party's constructive knowledge of a pending or potential action is insufficient to impose a duty to preserve evidence).

Div. Feb. 1, 2007) (dismissing spoliation claim against State Farm where, although there was a request to inspect the vehicle, there was never any explicit request that State Farm should maintain possession of the vehicle).

Moreover, the circumstances of the present matter significantly differ from the case that Plaintiff cites for the proposition that ASIC, as a third party, had a duty to preserve evidence, i.e. Swick v. The New York Times Co., 357 N.J. Super. 371 (App. Div. 2003). In Swick, an employee of the New York Times seriously injured his arm in a conveyor belt manufactured by certain entities against whom the employee filed suit under products liability theories of recovery. Id. at 373. In April 1997, the employee learned of the Times' intent to dismantle the conveyor belt, because it was closing the plant. Id. at 374. Beginning in April 1997, the employee's attorney requested that the employee be permitted to inspect the conveyor belt for purposes of his lawsuit against the manufacturers. Id. Having received no response, the attorney followed up with the Times in writing on July 11, 1997. Id. On August 5, 1997, plaintiff's attorney spoke with the Times's legal department and was advised to make a written request regarding the preservation and inspection of the equipment. Id. Plaintiff's attorney then sent a certified letter and facsimile requesting that the Times advise plaintiff "(i) whether the machine has been preserved, (ii) where it is located, (iii) when it is available for inspection, and (iv) to whom we should address our request to inspect the machine." Id. The Court found that, under the particular circumstances of that case, the Times had a duty to preserve the conveyor as of August 5, 1997, the date plaintiff's attorney wrote the Times requesting inspection of the conveyor. Id. at 375.[3]

---

[3] It's of note that, even though the Court found that the Times had spoliated evidence, it, nonetheless affirmed the trial court's dismissal of the claim based on the absence of any possible recovery from the manufacturers of the machine at issue. Swick, 357 N.J. Super. at 379. Here, similarly, because the Fire Department found the fire to be accidental, Plaintiff could not recover in a subrogation action against any other party. Thus, any supposed harm stemming from ASIC's alleged spoliation is illusory. Plaintiff has suffered no damage as a result of ASIC's

5

Here, in contrast, the Amended Complaint is bereft of any allegation sufficient to impose a duty to preserve evidence on ASIC, which did not even own the Property. The Amended Complaint, for example, does not allege that Plaintiff ever sent a letter to ASIC requesting it to preserve the Property or any particular item therein in their damaged state. All the Amended Complaint alleges is that Plaintiff's origin and cause investigator contacted ASIC to request access to the Property. (ECF 6, ¶ 15.) Under New Jersey law, such allegation is plainly insufficient to impose a duty on ASIC to preserve evidence. Accordingly, Plaintiff may not rely on a spoliation of evidence theory to establish the existence of an alleged duty owed by ASIC.

B.    **Plaintiff Cannot Plausibly Allege That ASIC Assumed A Duty to Plaintiff**

Similarly, Plaintiff may not rely on an assertion that ASIC "assumed" a duty to plausibly allege the existence of a duty owed by ASIC. On this issue, Plaintiff's opposition papers assert that "[ASIC] assumed the duty [to preserve evidence and permit inspection of the Property] ***by engaging with PCIC's investigators*** on behalf of its insureds on the issue of whether PCIC's representatives could conduct a fire scene investigation at 11 Ridgley." (Opp. Br. at 12)(emphasis added).

Plaintiff's position makes no practical or legal sense. Plaintiff cannot plausibly take the position that any time a claims representative engages with any third party on any topic that the claims representative assumes a duty to preserve evidence related to the topic. Merely discussing a topic with a third party does not create a duty. Notably, Plaintiff cites no apposite case law in support of its assertion. The only case it does cite bears no relationship to the factual scenario presented here. In Walker Rogge, Inc. v. Chelsea Title & Guaranty Co., a purchaser of land sued its title insurance company based on the fact that the land purchased was 6 acres less than anticipated. 116 N.J. 517 (1989). The Court held that remand was appropriate to determine

---

alleged spoliation -- and could not in any event recover anything from ASIC, as ASIC did not provide liability insurance on the Property.

if the negligent "act complained of was the direct result of duties voluntarily assumed by the insurer in addition to the mere contract to insure title." Id. at 541. Accordingly, the Walker Rogge matter turned an analysis of issues arising from the insurer-insured relationship, including that (1) the title insurer had twice insured the property in question and on four other occasions it had opened files on the property, (2) the title insurer's own back title plant reflected that the tract comprised twelve, not eighteen, acres, and (3) one of the title insurer's employees supervised the closing, at which time the purchase price was computed on th[e] basis of the incorrect acreage. Id.

Here, unlike in Walker Rogge, Inc., there was no relationship between ASIC and Plaintiff, like that of title insurer and insured, that could confer an assumed a duty in addition to any contractual obligations. ASIC's one alleged comment -- that it would arrange for access to the Property, on which it is alleged to have reversed course the following week (thus foreclosing any alleged detrimental reliance thereon) -- created no assumed, affirmative duty to either preserve the Property in its damaged state or permit access to the Property.

Indeed, the Guide, upon which the Amended Complaint principally relies, makes clear that *the decision to permit access to a property is purely voluntary and that permission can be withdrawn at any time.* (Vales Cert., Ex. 1 at Section 12.3.3.1.) Thus, as the Guide establishes, since a decision to grant access to property is a purely voluntary act that can be withdrawn at any time, no liability against ASIC may follow for failing to provide Plaintiff with access to the Property. In sum, as Plaintiff cannot establish that ASIC owed a duty to Plaintiff, its claims against ASIC fail as a matter of law.

II. **PLAINTIFF'S FRAUDULENT CONCEALMENT CLAIM ALSO FAILS IN THE ABSENCE OF ANY PLAUSIBLE ALLEGATION THAT PLAINTIFF COULD NOT HAVE OBTAINED THE INFORMATION SOUGHT FROM ANOTHER SOURCE**

For the reasons expressed above and in ASIC's Moving Brief, the Court should dismiss the Amended Complaint in its entirety since Plaintiff fails to plausibly allege the existence of a duty owed by ASIC necessary to support Plaintiff's claims. Plaintiff's fraudulent concealment claim, however, also fails for another reason -- Plaintiff cannot plausibly allege that it was unable to obtain the information sought from another source.

First, by its own admission, Plaintiff had contemporary knowledge of the name and phone number of the owner of the Property at the time of the fire. (Opp. Br. at 15, FN 3.) Plaintiff admits that it placed a few calls to the owner of the Property that went unreturned and then gave up. (Id.) Plaintiff does not plausibly explain why it is suing ASIC, which merely insured the Property (without providing liability insurance coverage), instead of the owner of the Property, who apparently never returned Plaintiff's calls. Plaintiff similarly does not explain whether it sought access to the Property from the lender on the Property.

Second, given the purported importance of viewing the Property in its damaged state, Plaintiff does not explain why, having failed to receive access to the Property from ASIC and the owner of the Property, it did not seek judicial intervention prior to the time that repairs could be made. Rule 4:11-1(a) provides, in pertinent part:

> **A person who desires to** perpetuate his or her own testimony or that of another person or **preserve any evidence or to inspect documents or property** or copy documents pursuant to R. 4:18-1 **may file a verified petition, seeking an appropriate order**, entitled in the petitioner's name, showing: (1) that the petitioner expects to be a party to an action cognizable in a court of this State but is presently unable to bring it or cause it to be brought; (2) the subject matter of such action and the petitioner's interest therein; (3) the facts which the petitioner desires to establish by the proposed testimony or evidence and the reasons for desiring to perpetuate or inspect it; (4) the names or a description of the persons the petitioner expects will be opposing parties and their addresses so far as known; (5) the names and addresses of the persons to be

8

>examined and the substance of the testimony which the petitioner expects to elicit from each; and (6) the names and addresses of the persons having control or custody of the documents or property to be inspected and a description thereof.

N.J. Ct. R. 4:11-1(a)(emphasis added).  Surely, if Plaintiff was concerned about the possible spoliation of evidence and/or the preservation of evidence prior to initiation of litigation, this would have been an appropriate vehicle for the relief it sought, i.e. access to the Property to conduct an inspection.

Absent such actions, however, a fraudulent concealment claim is inappropriate where, as here, there was no existing or pending litigation prior to the initiation of this lawsuit and discovery had not begun.  See, Huzinec v. Six Flags Great Adventure, LLC, CV162754FLWDEA, 2017 WL 44850, at *7 (D.N.J. Jan. 3, 2017); and Tafaro v. Six Flags Great Adventure, LLC, CV175607FLWLHG, 2018 WL 1535289, at *7 (D.N.J. Mar. 29, 2018)[4]. Thus, for the reasons expressed above and more fully in ASIC's Moving Brief, the Court should dismiss Plaintiff's fraudulent concealment claim with prejudice.

---

[4] Plaintiff tellingly ignores these relevant authorities, which were cited in ASIC's Moving Brief. See, Moving Brief at 12-13.

## CONCLUSION

For all the foregoing reasons and those more fully expressed in ASIC's Moving Brief, ASIC respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

**DENTONS US LLP**

By: /s/ John R. Vales, Esq.
John R. Vales, Esq.
john.vales@dentons.com

*Attorneys for Defendant American Security Insurance Company*

Dated: Short Hills, New Jersey
January 12, 2021