NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

June 25, 2021

John R. Slattery, Esq.
Crawford Law
619 South White Horse Pike
Audubon, NJ 08106
*Attorney for Plaintiff*

John R. Vales, Esq.
Erika M. Lopes-McLeman, Esq.
Dentons US LLP
101 JFK Parkway, 4th Fl.
Short Hills, NJ 07078
*Attorneys for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *Philadelphia Contributionship Insurance Co. v. American Security Insurance Co., et al.*, Civil Action No. 20-14018 (SDW) (LDW)

Counsel:

Before this Court is Defendant American Security Insurance Co.'s ("Defendant") Motion to Dismiss Plaintiff Philadelphia Contributionship Insurance Co.'s ("Plaintiff") Amended Complaint (D.E. 6 ("AC")) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441(a). This opinion is issued without oral argument pursuant to Rule 78. For the reasons below, Defendant's motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This subrogation action between two insurance companies arises from a November 21, 2017, fire in Weehawken, New Jersey. (AC ¶ 4.) The fire started at 11 Ridgely Place ("11 Ridgely"), a property insured by Defendant, and then spread to three neighboring properties insured by Plaintiff—5, 7, and 9 Ridgely Place. (*Id.* ¶¶ 1–6.) After the fire, Plaintiff retained J. F. Goetz of J. F. Goetz and Associates to conduct a fire origin and cause investigation. (*Id.* ¶ 9.) As part of his investigation, Mr. Goetz attempted to gain access to 11 Ridgely on November 24, 2017, but did not have authority. (*Id.* ¶¶ 10, 11.) He therefore placed a placard on the door of 11 Ridgely

stating that the property was evidence, that the evidence was not to be disturbed, and that Mr. Goetz should be contacted. (*Id.* ¶¶ 12, 13.)

On November 30, 2017, Mr. Goetz contacted Mr. Terry Shaffer, a claims adjuster working for Defendant, to request consensual authority to access 11 Ridgely, pursuant to the National Fire Protection Association 921 Guide for Fire and Explosion Investigations ("NFPA 921").[1] (*Id.* ¶¶ 8, 14.) According to Plaintiff, Mr. Shaffer stated that as soon as the independent adjuster handling the claim for Defendant contacted him about the status of the property, Mr. Shaffer would contact Mr. Goetz to "arrange for access to the building." (*Id.* ¶ 15.) On December 6, 2017, Gerry Piotrowicz, another investigator for J. F. Goetz and Associates, contacted Mr. Shaffer to arrange for access to 11 Ridgely. (*Id.* ¶ 16.) Mr. Shaffer advised Mr. Piotrowicz that Defendant's insurance policy for 11 Ridgely was a lender-placed policy with no liability coverage. (*Id.* ¶ 17.) Mr. Shaffer also advised Mr. Piotrowicz that Defendant was not retaining an origin and cause investigator to investigate the fire and that it would not provide consensual authority to J.F. Goetz & Associates to access 11 Ridgely. (*Id.* ¶¶ 18, 19.)

Plaintiff alleges that this denial of authority prevented Plaintiff from determining the cause of the fire and pursuing a subrogation action against the parties responsible for causing and/or allowing the fire to spread to properties insured by Plaintiff. (*Id.* ¶ 20.) Plaintiff paid more than $1 million to compensate its insureds and now seeks to recover that full amount from Defendant, alleging that Defendant's conduct was tortious. (*Id.* ¶¶ 21–27.)

Plaintiff initially filed this suit in the Superior Court of New Jersey, Law Division, Hudson County, as subrogee of its insureds. (*See* D.E. 1-1.) Defendant removed the suit to this Court on October 7, 2020, and Plaintiff filed the AC on November 23, 2020. (D.E. 1, 6.) The AC alleges negligence (Count I) and fraudulent concealment (Count II). (AC ¶¶ 29–45.) Defendant subsequently filed the instant motion to dismiss the AC and the parties timely completed briefing. (D.E. 9, 11, 13.)

## II.   **LEGAL STANDARD**

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). However, "the tenet that a court must accept as true

---

[1] NFPA 921 is "a peer reviewed and generally accepted standard in the fire investigation community." *Travelers Prop. & Cas. Corp. v. Gen. Elec. Co.*, 150 F. Supp. 2d 360, 366 (D. Conn. 2001).

all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pursuant to Rule 9(b), plaintiffs alleging fraud must "meet a heightened pleading standard by 'stat[ing] with particularity the circumstances constituting fraud.'" *N.Y. City Emps.' Ret. Sys. v. Valeant Pharm. Int'l, Inc.*, Civ. No. 18-0032, 2018 WL 4620676, at *2 (D.N.J. Sept. 26, 2018) (quoting Fed. R. Civ. P. 9(b)). Plaintiffs can satisfy this heightened standard by alleging dates, times, places, and other facts with precision. *Park v. M & T Bank Corp.*, Civ. No. 09-2921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

## III. **DISCUSSION**

Defendant contends that (1) Plaintiff's negligence and fraudulent concealment claims must be dismissed because Defendant did not owe Plaintiff a legal duty and (2) Plaintiff's fraudulent concealment claim must also be dismissed because it fails to meet the heightened pleading standard of Rule 9(b). (*See* D.E. 9-1 at 8–14; D.E. 13 at 3–9.) This Court agrees for the reasons discussed below and will provide Plaintiff another opportunity to amend it claims.

### A. Negligence (Count I)

Plaintiff's negligence count alleges that Defendant violated a duty to preserve evidence at 11 Ridgely and allow Plaintiff's representatives to investigate the origin and cause of the fire. (AC ¶¶ 33, 34.)[2] "To state a cause of action for negligence, a plaintiff must plead: (1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach." *Gilleski v. Cmty. Med. Ctr.*, 765 A.2d 1103, 1106 (N.J. Super. Ct. App. Div. 2001) (quotation omitted). "[T]he determination of whether a duty exists is a matter of law properly decided by the court." *Id.* (citation omitted). "The general rule is that there is no duty to preserve evidence; however, a duty to preserve evidence may arise through an agreement, a contract, a statute or another special circumstance." *Id.* at 1107 (internal citation and quotation omitted).

Here, the AC alleges that Defendant "had a duty to preserve evidence at 11 Ridgely and allow all Interested Parties, as defined by NFPA 921 [§] 3.3.118 (2017), including representatives of [Plaintiff], to investigate the origin and cause of the fire." (AC ¶ 33.) The AC thus relies on NFPA 921 to establish Defendant's duty to preserve. But NFPA 921 creates no such duty and Plaintiff readily admits that "whether to provide consent to a private fire investigator is [a] voluntary act under NFPA 921." (D.E. 11 at 11.)[3]

---

[2] To the extent that these allegations assert a claim of negligent spoliation, such a claim must be dismissed. *See Scott v. IBM Corp.*, 196 F.R.D. 233, 248 (D.N.J. 2000) (noting that "there is no independent tort of evidence spoliation under federal law"); *Gilleski v. Cmty. Med. Ctr.*, 765 A.2d 1103, 1106 (N.J. Super. Ct. App. Div. 2001) ("New Jersey appellate courts have not recognized the tort of negligent spoliation of evidence." (citations omitted)).

[3] Even assuming that NFPA 921 created a legal duty and that Defendant had legal control of 11 Ridgely, NFPA 921 § 12.3.3.1 explicitly states that "[t]he person in lawful control of the property can grant the investigator permission or

3

Plaintiff's opposition brief also asserts that Defendant "assumed the duty by engaging with [Plaintiff's] investigators on behalf of its insureds on the issue of whether [Plaintiff's] representatives could conduct a fire scene investigation at 11 Ridgley." (D.E. 11 at 12); *see Gilleski*, 765 A.2d at 1107 (stating that "a defendant may voluntarily assume a duty by affirmative conduct" (citation and quotation omitted)). The AC alleges that Defendant's claim adjuster stated to Plaintiff's investigator that he would "arrange for access" to 11 Ridgely but reversed course one week later. (AC ¶¶ 15, 19.) Plaintiff provides no legal support for construing this one alleged statement as an assumption of duty to preserve evidence at 11 Ridgely and provide access to the property, particularly in a situation where the parties had no prior relationship.[4] Plaintiff's allegation in this regard is therefore insufficient.

Finally, Plaintiff's opposition brief asserts that Defendant owed Plaintiff a duty to preserve evidence under a spoliation of evidence theory. (*See* D.E. 11 at 9–12.) A duty to preserve evidence can arise (1) "when the third party has knowledge of a pending or potential lawsuit and accepts responsibility for evidence that would be used in that lawsuit," (2) "by the spoliator voluntarily undertaking to preserve the evidence and a plaintiff reasonably and detrimentally relying thereon," (3) "by an agreement to preserve between the spoliator and the plaintiff," or (4) "by a specific request to the spoliator to preserve a particular item." *Gilleski*, 765 A.2d at 1107 (citations and quotations omitted). None of those circumstances is sufficiently alleged here. The AC does not factually allege that Defendant accepted responsibility for the property, voluntarily undertook to preserve the property, or agreed with Plaintiff to preserve the property. Nor does the AC allege that Plaintiff specifically requested that Defendant preserve the property. Neither the investigator's door placard nor his verbal requests for access suffice in that regard. *See id.* ("A third party's constructive notice of a pending or potential action is not sufficient to force upon the third party the duty to preserve evidence.); *Mukasa v. Ise Farms, Inc.*, No. A-1398-05T5, 2007 WL 268252, at *3 (N.J. Super. Ct. App. Div. Feb. 1, 2007) (dismissing spoliation claim against vehicle insurer despite a request to inspect the vehicle because there was never any explicit request that the insurer should maintain possession of the vehicle). Plaintiff's negligence claim will therefore be dismissed.

### B.     Fraudulent Concealment (Count II)

Plaintiff alleges that Defendant's denial of property access to Plaintiff's investigator constituted fraudulent concealment. (AC ¶¶ 40–45.) To state a claim for fraudulent concealment under New Jersey law, a plaintiff must establish:

> (1) That defendant in the fraudulent concealment action had a legal obligation to disclose evidence in connection with an existing or pending litigation;
> (2) That the evidence was material to the litigation;

---

consent to enter and remain on the property. This is a voluntary act . . . and can be withdrawn at any time . . . ." (D.E. 9-2 at 6 (Certification of John Vales, Esq., at Ex. 1).)

[4] Plaintiff's one supporting citation is to a case where the parties had a pre-existing contractual relationship whereby the defendant provided the plaintiff with title insurance. (*See* D.E. 11 at 12–13 (citing *Walker Rogge, Inc. v. Chelsea Title & Guaranty Co.*, 116 N.J. 517, 535 (1989)).)

(3) That plaintiff could not reasonably have obtained access to the evidence from another source;
(4) That defendant intentionally withheld, altered or destroyed the evidence with purpose to disrupt the litigation; [and]
(5) That plaintiff was damaged in the underlying action by having to rely on an evidential record that did not contain the evidence defendant concealed.

*Rosenblit v. Zimmerman*, 766 A.2d 749, 758 (N.J. 2001).

Here, Plaintiff's claim fails to sufficiently allege at least the first and third elements. The AC does not allege a legal obligation or duty for the reasons discussed above with respect to Count I. The AC also does not factually allege why Plaintiff "could not reasonably have obtained access to the evidence from another source," *id.*, such as the property owner or the lender who placed the insurance policy. Although a plaintiff may generally allege the conditions of a person's mind (*i.e.*, the fourth element), the remaining elements must be alleged with sufficient particularity, and Plaintiff fails to meet that heightened pleading standard here. *See* Fed. R. Civ. P. 9(b); *N.Y. City Emps.' Ret. Sys.*, 2018 WL 4620676, at *2. Plaintiff's fraudulent concealment claim must therefore be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Amended Complaint is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to amend its claims. An appropriate order follows.

                                                          /s/ Susan D. Wigenton
                                       **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.