<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

March 23, 2022

John R. Slattery, Esq.
Crawford Law
619 South White Horse Pike
Audubon, NJ 08106
*Attorney for Plaintiff*

John R. Vales, Esq.
Erika M. Lopes-McLeman, Esq.
Stephen M. Turner, Esq.
Dentons US LLP
101 JFK Parkway, 4ᵗʰ Fl.
Short Hills, NJ 07078
*Attorneys for Defendant*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:** *Philadelphia Contributionship Insurance Co. v. American Security Insurance Co., et al.*, **Civil Action No. 20-14018 (SDW) (LDW)**

Counsel:

Before this Court is Defendant American Security Insurance Co.'s ("Defendant") Motion to Dismiss Plaintiff Philadelphia Contributionship Insurance Co.'s ("Plaintiff") Second Amended Complaint (D.E. 16 ("SAC")) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Defendant's motion also includes a request for sanctions under Rule 11. Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1332 and 1441(a), respectively. This opinion is issued without oral argument pursuant to Rule 78. For the reasons below, Defendant's motion to dismiss the SAC is **GRANTED** and its request for sanctions is **DENIED**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This subrogation action between two insurance companies arises from a November 21, 2017, fire in Weehawken, New Jersey. (SAC ¶ 5.) The fire started at 11 Ridgley Place ("11

Ridgley"),[1] a property insured by Defendant, and spread to three neighboring properties insured by Plaintiff—5, 7, and 9 Ridgley Place. (*Id.* ¶¶ 1, 5–7.)

After the fire, Plaintiff retained John F. Goetz of J. F. Goetz and Associates ("JFGA") to conduct a fire origin and cause investigation. (*Id.* ¶ 9.) As part of his investigation, Mr. Goetz attempted to gain access to 11 Ridgley on November 24, 2017, but he did not have authority. (*Id.* ¶¶ 10, 11.) He therefore placed a placard on the door of 11 Ridgley stating that the property was evidence, that the evidence was not to be disturbed, and that Mr. Goetz should be contacted. (*Id.* ¶¶ 12, 13.) Pursuant to the National Fire Protection Association 921 Guide for Fire and Explosion Investigations ("NFPA 921"),[2] JFGA attempted several times to call the owner of 11 Ridgley, Jennifer Owensby, and request consensual authority to access the property. (*See id.* ¶¶ 7–8, 15.) However, Ms. Owensby did not return these calls. (*Id.* ¶ 15.)

On November 30, 2017, Gerry Piotrowicz, an origin and cause investigator for JFGA, contacted Mr. Terry Shaffer, a claims adjuster working on behalf of Defendant, to request consensual authority to investigate the fire at 11 Ridgley. (*Id.* ¶ 16.) According to the SAC, Mr. Shaffer stated that (1) Defendant planned to retain an independent adjuster and origin and cause investigator, (2) JFGA "could conduct its origin and cause investigation jointly with [Defendant's] origin and cause investigator," and (3) "11 Ridgley would be preserved until [JFGA] could conduct its origin and cause investigation." (*Id.* ¶¶ 17–19.) Defendant subsequently retained an independent adjuster who examined 11 Ridgley and observed Mr. Goetz's placard. (*Id.* ¶¶ 27–29.) On December 6, 2017, Mr. Piotrowicz contacted Mr. Shaffer again to arrange for access to 11 Ridgley. (*Id.* ¶ 33.) Mr. Shaffer advised Mr. Piotrowicz that Defendant's insurance policy for 11 Ridgley was a lender-placed policy with no liability coverage. (*Id.* ¶ 34.) Mr. Shaffer also stated that Defendant was not retaining an origin and cause investigator to investigate the fire and that it would not provide JFGA with consensual authority to access 11 Ridgley. (*Id.* ¶¶ 35, 36.)

Plaintiff alleges that this denial of authority prevented Plaintiff from determining the cause of the fire and pursuing a subrogation action against the parties responsible for causing and/or allowing the fire to spread to properties insured by Plaintiff. (*Id.* ¶ 39.) Plaintiff paid more than $1 million to compensate its insureds and now seeks to recover that full amount from Defendant, alleging that Defendant's conduct was tortious. (*Id.* ¶¶ 40–46, 58.)

Plaintiff filed this suit in the Superior Court of New Jersey, Law Division, Hudson County, as subrogee of its insureds, in September 2020. (*See* D.E. 1-1.) Defendant removed the suit to this Court and filed a Motion to Dismiss in October 2020. (D.E. 1, 5.) Plaintiff responded by filing an Amended Complaint on November 23, 2020. (D.E. 6.) On Defendant's Second Motion to Dismiss, this Court dismissed the Amended Complaint without prejudice and granted Plaintiff an opportunity to replead. (D.E. 14, 15.) Plaintiff subsequently filed the SAC and Defendant filed the instant motion to dismiss, which the parties timely briefed. (D.E. 16–19.) The SAC alleges

---

[1] Although the SAC identifies the property as "11 Ridgley," (SAC ¶ 5), the Complaint and Amended Complaint identified it as "11 Ridgely," (D.E. 1-1 ¶ 6; D.E. 6 ¶ 5).

[2] NFPA 921 is "a peer reviewed and generally accepted standard in the fire investigation community." *Travelers Prop. & Cas. Corp. v. Gen. Elec. Co.*, 150 F. Supp. 2d 360, 366 (D. Conn. 2001).

negligence (Count I) and fraudulent concealment (Count II).  (SAC ¶¶ 48–77.)  However, Plaintiff withdrew Count II in its opposition brief and only Count I remains.  (*See* D.E. 18 at 6 n.3.)

## II.   LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   DISCUSSION

### A.   Negligence (Count I)

"To state a cause of action for negligence, a plaintiff must plead: (1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach."  *Gilleski v. Cmty. Med. Ctr.*, 765 A.2d 1103, 1106 (N.J. Super. Ct. App. Div. 2001) (citation and quotation marks omitted).  In moving to dismiss, Defendant primarily argues that the SAC does not sufficiently allege that Defendant owed Plaintiff a legal duty to provide access to 11 Ridgley or to preserve evidence at the property.  (*See* D.E. 17-1 at 9–18; D.E. 19 at 2–10.)  For the reasons below, this Court agrees.

Plaintiff's negligence count alleges that Defendant breached a "duty to preserve evidence at 11 Ridgley and allow all Interested Parties, as defined by NFPA 921 [§] 3.3.118 (2017), including representatives of [Plaintiff], to investigate the origin and cause of the fire."  (SAC ¶ 52; *see id.* ¶ 56.)  "[T]he determination of whether a duty exists is a matter of law properly decided by the court."  *Gilleski*, 765 A.2d at 1106 (citing *Carvalho v. Toll Bros. & Devs.*, 143 N.J. 565, 572 (1996)).  Although there is generally no duty to preserve evidence, such a duty can arise (1) "when the third party has knowledge of a pending or potential lawsuit and accepts responsibility for evidence that would be used in that lawsuit," (2) "by the spoliator voluntarily undertaking to preserve the evidence and a plaintiff reasonably and detrimentally relying thereon," (3) "by an agreement to preserve between the spoliator and the plaintiff," or (4) "by a specific request to the spoliator to preserve a particular item."  *Gilleski*, 765 A.2d at 1107 (citations and quotation marks omitted).  None of these circumstances is sufficiently alleged here.

3

First, the SAC alleges that JFGA's representatives placed a placard on the door of 11 Ridgley stating that the property was evidence and contacted Defendant's claims adjuster, Mr. Shaffer, twice to request access. (*See* SAC ¶¶ 9–36.) However, neither the door placard nor the verbal requests provided actual notice of the lawsuit that Plaintiff filed almost three years later, and any constructive notice was insufficient to impose a duty to preserve. *See Gilleski*, 765 A.2d at 1107 ("A third party's constructive notice of a pending or potential action is not sufficient to force upon the third party the duty to preserve evidence." (citation omitted)).

Second, the SAC alleges that Defendant voluntarily assumed a duty to preserve the property during the first call that Mr. Shaffer had with JFGA on November 30, 2017. (*See* SAC ¶¶ 16–19.) However, Mr. Shaffer expressly discontinued any such assumption of duty during the second phone call on December 6, 2017. (*See id.* ¶¶ 33–36.) The SAC does not allege that Defendant failed to preserve 11 Ridgley during the six days between the two phone calls. Thus, Plaintiff cannot plausibly allege that it "reasonably and detrimentally" relied on Mr. Shaffer's representation—any reliance during the intervening six days was not detrimental, and any reliance on Defendant's initial representation after December 6, 2017, was not reasonable. *Gilleski*, 765 A.2d at 1107; *see also Conceicao v. Grubb & Ellis*, No. A-5719-17T1, 2019 WL 2591310, at *3 (N.J. Super. Ct. App. Div. June 25, 2019) (summarizing caselaw and holding that a volunteer had no duty to act after "signaling discontinuance of a voluntary assumption of duty").

Third, any "agreement to preserve," *Gilleski*, 765 A.2d at 1107, that Mr. Shaffer and JFGA reached on November 30, 2017, lacked consideration and is unenforceable against Defendant. *See Kiss Elec., LLC v. Waterworld Fiberglass Pools, N.E., Inc.*, Civ. No. 14-3281, 2015 WL 1346240, at *4 (D.N.J. Mar. 25, 2015) ("A unilateral promise, without consideration, is no contract at all." (citations omitted)).

Finally, the SAC does not allege that Plaintiff made "a specific request to [Defendant] to preserve a particular item." *Gilleski*, 765 A.2d at 1107. JFGA representatives placed a placard at 11 Ridgley stating that the property was not to be disturbed and called Mr. Shaffer twice to request access to the property. (*See* SAC ¶¶ 12–13, 16, 33.) There is no allegation that Plaintiff or its representatives directly asked Defendant or its representatives to preserve 11 Ridgley. Nor is it clear how Defendant could have done so when it did not own or possess 11 Ridgley or any items on the property. Plaintiff's negligence claim will therefore be dismissed. [3,4,5]

---

[3] Although Plaintiff appeals to "fairness" as a basis to impose a duty on Defendant, (D.E. 18 at 7–9), this Court does not find it fair to impose a duty to provide property access on the property's insurer when Plaintiff does not argue that the law imposes such a duty on the property's owner or occupant. *Cf. Luchejko v. City of Hoboken*, 23 A.3d 912, 924–25 (N.J. 2011) ("In situations where the principal owes no duty or less than the normal duty of care to the person harmed, the agent likewise has either no duty or a diminished duty to that third party even for actions that otherwise would constitute a tort." (citation and quotation marks omitted)).

[4] Notably, even if Plaintiff could establish that Defendant had a duty to preserve evidence at 11 Ridgley, Plaintiff does not cite to any caselaw requiring Defendant to provide Plaintiff with *access* to 11 Ridgley.

[5] Even if Plaintiff could establish a duty, this Court would dismiss Plaintiff's negligence claim because the SAC does not allege "an injury to [P]laintiff proximately caused by [D]efendant's breach." *Gilleski*, 765 A.2d at 1106. The SAC alleges that Defendant's claims adjuster volunteered to preserve 11 Ridgley in a phone conversation with JFGA on November 30, 2017, and then declined to provide access on December 6, 2017. (*See* SAC ¶¶ 16–19, 33–36.) The

### B.       Sanctions

Rule 11 "imposes on any party who signs a pleading, motion, or other paper . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991). "[T]he applicable standard is one of reasonableness under the circumstances." *Id.* "A motion for [Rule 11] sanctions must be made separately from any other motion" and it must be served, but it may not be filed with the court if the challenged action is "withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2); *see Metro. Life Ins. Co. v. Kalenevitch*, 502 F. App'x 123, 124–25 (3d Cir. 2012). "Generally, sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Ford Motor Co. v. Summit Motor Prods. Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citation and quotation marks omitted). "Courts, therefore, have denied sanctions where the law and facts, even if not adopted by the court, are ambiguous and could be reasonably interpreted in more than one way." *In re Cendant Corp. Deriv. Action Litig.*, 96 F. Supp. 2d 403, 405 (D.N.J. 2000) (citing *Ford Motor*, 930 F.2d at 289–90).

Here, Defendant did not file a separate motion for Rule 11 sanctions and did not wait 21 days after serving its Rule 11 letter to make the request. (*See* D.E. 17-1 at 23 n.8.) Instead of meeting these requirements, Defendant asks this Court to sanction Plaintiff's attorney *sua sponte*. (*See* D.E. 17-1 at 23 n.7.) The entry of such *sua sponte* sanctions generally requires an Order to Show Cause and a finding of bad faith. *See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."); *Martin v. Brown*, 63 F.3d 1252, 1264–65 (3d Cir. 1995) ("Usually, the inherent power that a district court retains to sanction attorneys also requires bad faith." (citations omitted)). Although this Court is not persuaded by Plaintiff's legal arguments, it does not find the arguments to be "patently unmeritorious or frivolous." *Ford Motor*, 930 F.2d at 289. Furthermore, in view of this Court's prior authorization to Plaintiff to file a Second Amended Complaint, (D.E. 14 at 5), as well as Plaintiff's decision to withdraw Count II in its opposition brief, (D.E. 18 at 6 n.3), this Court does not find that Plaintiff or its attorney acted in bad faith. Defendant's request for sanctions will therefore be denied.

## IV.     <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE**. Defendant's request for sanctions is **DENIED**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

---

SAC does not allege that Defendant failed to preserve 11 Ridgley during the six days that Plaintiff reasonably relied on Defendant's representation. Nor does it allege that Defendant prevented Plaintiff from obtaining access to 11 Ridgley from its owner or occupant, or that Defendant prevented Plaintiff from seeking legal access to the property via court order.

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.